UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAKYIA T. SKINNER

VERSUS

STATE OF LOUISIANA, ET AL.

CIVIL ACTION

NO. 24-00212-BAJ-SDJ

## RULING AND ORDER

Plaintiff, proceeding *pro se*, has filed a self-styled **Motion For Injunction And Restraining Order** brought pursuant 42 U.S.C. § 1983. (Doc. 7, the "Motion"). In his Complaint, Plaintiff seeks damages from multiple prison officials, alleging the use of undue physical force and sexual assault, which allegedly occurred during Plaintiff's prior incarceration in the Louisiana State Penitentiary (the "LSP") in the year 2000, in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution. (Doc. 1 at 2–14).

Now, nearly one year after filing the Complaint, (*id.*), Plaintiff moves for a temporary restraining order ("TRO") and preliminary injunction. (Doc. 7). Liberally construed, Plaintiff's Motion seeks injunctive relief requiring prison officials to ensure that prison staff follow medical directives noted in prison paperwork for Plaintiff's wheelchair-bound eighty-year-old uncle, Charles E. Daniels (#63240), who is currently incarcerated in the LSP. (*Id.*). Plaintiff specifically references an incident in which Daniels sustained unspecified injuries "from his head down to his toe" when prison staff allegedly transported Daniels to LSP from the hospital in a "regular van"

rather than a "handicapp [sic] van" in contravention of medical directives noted in prison medical paperwork for Daniels. (*Id.* at 1–3). Plaintiff links his uncle's incarceration conditions to Plaintiff's own ongoing litigation in this action by alleging that prison officials have failed to abide by prison medical directives for Daniels in retaliation for Plaintiff's current lawsuit against the State of Louisiana. (*Id.* at 3). In support of this theory, Plaintiff notes that his brother informed him that a police officer, who is friends with Plaintiff's brother, notified Plaintiff's brother that the Louisiana Law Enforcement Association and the Louisiana District Attorneys Association "ha[ve] it out to get [Plaintiff]." (*Id.* at 3).

Federal Rule of Civil Procedure ("Rule") 65(b)(1) provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B) (emphasis added).

While the Court is aware that Plaintiff is proceeding *pro se*, he has failed to comply with either requirement of Rule 65(b)(1). Plaintiff seeks a TRO based on new facts not set forth in his original Complaint yet does not include any verification attesting to these new facts. Additionally, Plaintiff's Motion does not include a certificate stating his efforts, if any, to provide notice to Defendants' counsel, or explain the reasons why such notice should not be required. Plaintiff's failure to comply with Rule 65(b)(1)'s verification and notice requirements, standing alone, is a

2

sufficient basis to deny his request for a TRO. *See Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same).[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a TRO and/or preliminary injunction be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 7th day of March, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] The Court notes that the issue of whether Plaintiff has "standing" to seek relief on behalf of Daniels, who is not a party to this litigation, is significant. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Nonetheless, for the reasons offered herein, the Court need not address the issue at this time.